UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARY JULENE NOWELL                                                                          PLAINTIFF

VERSUS                                                       CIVIL ACTION NO. 1:10CV27-LG-RHW

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION                                                                              DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the undersigned on Claimant/Plaintiff Mary Julene Nowell's [10] Motion for Judgment on the Pleadings. Nowell challenges the final decision of the Commissioner of Social Security affirming an administrative law judge's (ALJ) determination that Plaintiff was not disabled. She requests that the Commissioner's decision be reversed and the matter remanded for a new hearing on the merits.

### Factual Background

On August 10, 2006, Nowell applied for disability insurance benefits alleging disability due to back pain that remained after two back surgeries performed on April 15, 2005, and May 24, 2006. Nowell was 41 years old at the time she applied for benefits. Prior to the alleged onset of disability, Nowell worked in the public school system as a cafeteria worker. She developed degenerative disc disease in her lumbar spine that required surgery. The first surgery resolved her back pain temporarily, but she began having problems again by September of 2005. Nowell claimed disability dating from her second surgery of May 24, 2006. Dr. Orhan Ilercil, a neurosurgeon, performed both surgeries. Dr. Ilercil ordered additional examinations on June 1,

June 8, and August 3, 2006. At the time of the August 3rd examination, Dr. Ilercil noted that Nowell exhibited full muscle strength with normal bulk and tone. Her leg pain had resolved but she complained of some low back pain when she did lifting at work. Dr. Ilercil recommended that Nowell avoid lifting more than 10 pounds and repetitive bending while at work.

Dr. Kurt Johnson, Nowell's primary care physician, opined in an undated form that Nowell was limited to sedentary work due to her chronic back pain. On this same form, Dr. Johnson attributed to Plaintiff diagnoses of bipolar disorder and obsessive compulsive disorder. In a report dated September 14, 2006, Dr. Ilercil concluded that Nowell's pain was significant enough to interfere with her ability to concentrate for two-thirds or more of an 8-hour work day. However, he opined that she would experience such limitations for only six months after surgery. He further concluded that Nowell was temporarily disabled for the six months following surgery and that the disability was not expected to last 12 months.

The medical records reflect that Nowell began mental health treatment at Region 8 Mental Health Center on March 25, 2008. Dr. Paul McGinnis, a psychiatrist, examined Nowell and noted that her memory, orientation, and concentration were intact. He observed that her speech and thought processes were clear and goal directed, and that her insight and judgment were fair. Dr. McGinnis diagnosed Nowell with mood disorder and attention deficit hyperactivity disorder. He also assigned a Global Assessment Functioning score of 45.

On August 22, 2006, Cindy McMullan, a psychometrist, examined Nowell and noted that she had a history of anxiety-related problems, including problems with concentration, but that she had not had any previous inpatient or outpatient mental health treatment. Nowell exhibited stress and anxiety, but these were found to be within the normal range. Nowell's Personality

Assessment Inventory revealed her to be impulsive, impatient, and resentful, with some anti-social and borderline personality traits. McMullan noted that Nowell's answers indicated that she might not have been forthright. Nowell was diagnosed with mood disorder and personality disorder with borderline and anti-social features. McMullan's assessment was co-signed by Dr. James Herzog.

In reports dated August 31, 2006, and September 27, 2006, state agency physicians Dr. Sylvester McDonnieal and Dr. Carol Kossman each concluded that Nowell was disabled; however, each opined that Nowell's disability would last for less than 12 months.

Nowell applied for disability benefits under the Public Employees Retirement System of Mississippi at the same time as her application for social security disability benefits. The PERS Medical Board approved her application for disability benefits.

At the hearing before the ALJ, Nowell indicated that she could lift 10 pounds but really "felt it" if she did so. She indicated that her left hip bothered her if she stood or sat for too long. She also testified that she had to lie down for one hour during the day. She claimed to have bad concentration but testified that from a mental standpoint she did really well on her medications. During her typical day, she watched television, visited with her sister, and took care of her 4-year old grandson.

A vocational expert testified at the hearing and indicated that Nowell would not be able to perform her past relevant work based on her limitations. However, the vocational expert concluded that Nowell could perform sedentary, unskilled work that requires no climbing, balancing, stooping, kneeling, crouching or crawling.

## Standard of Review

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration utilizes a

five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id*.

## The ALJ's Decision

In a decision dated February 5, 2009, the ALJ determined that Nowell had severe impairments of early degenerative disc disease, mood disorder, and attention deficit disorder. He further concluded that Nowell was unable to perform her past relevant work; however, he determined that she had the residual functional capacity to perform unskilled, sedentary work. Therefore a finding of "not disabled" was appropriate.

## Law and Analysis

In the current appeal, Nowell argues that (1) the ALJ's assessment of Nowell's residual functional capacity is not based on all relevant evidence and does not consider the limiting

5

effects of all impairments; and (2) the ALJ did not accord proper weight to the opinions of Nowell's treating physicians. As part of her argument, Nowell asserts that there is an unresolved ambiguity on the issue of whether Nowell is capable of "balancing occasionally". She also asserts that the ALJ failed to address the need for a sit/stand option. Nowell argues that the ALJ failed to include in the assessment Nowell's mental limitations as reported by Dr. McGinnis and Dr. Herzog. And she contends that the ALJ rejected the opinions of her treating psychiatrist, clinical psychologist, and psychometrist without good cause and that the ALJ failed to consider her mental impairments. Nowell further argues that all of these limitations create a significant erosion of the sedentary range of work; therefore, a finding of disability is warranted.

As an initial matter, there is substantial evidence supporting the ALJ's determination that Nowell is not disabled due to any physical impairments. Her neurosurgeon, Dr. Ilercil indicated that Nowell should avoid lifting more than 10 pounds and repetitive bending. Moreover, Dr. Ilercil opined that Nowell's limitations were not expected to last more than 12 months, but rather that she was temporarily disabled for six months following the May 2006 surgery. Dr. Johnson, Nowell's family doctor, also indicated in a statement completed some time after her second surgery that Nowell is limited to sedentary job demands. The ALJ also considered Nowell's daily activities when concluding that she is capable of sedentary work. On the other hand, Nowell does not point to any medical evidence to support the conclusion that she is physically incapable of performing sedentary work. Although Dr. Ilercil opined that Nowell's pain interferes with her ability to concentrate two-thirds of an eight hour work day, he assigned this limitation during Nowell's six-month period of temporary disability following surgery.

Contrary to Nowell's argument, there is no unresolved ambiguity with respect to Nowell's

ability to balance.  The ALJ determined that Nowell was limited to occasional balancing.  In the hypothetical presented to the vocational expert, the ALJ included occasional balancing as one of the limitations.  In fact, the specific jobs identified by the vocational expert required "*no climbing, balancing, stooping, kneeling crouching or crawling.*"  Dkt. entry # 8 at 37-38 (emphasis added).  With respect to the sit/stand option, the vocational expert indicated that Nowell could perform the jobs identified even if a sit/stand option were necessary.  Nowell does not identify any evidence, medical or otherwise, that would call into question the ALJ's assessment of her physical limitations with respect to balancing.

Regarding Nowell's mental limitations, the ALJ did take these into consideration as well.  He identified mood disorder and attention disorder as severe impairments.  Although initially diagnosed with bipolar disorder on February 14, 2008, the ALJ noted that on March 25, 2008, the psychiatric nurse practitioner and staff psychiatrist diagnosed Nowell with a mood disorder and attention deficit disorder.  The ALJ gave a detailed analysis of Nowell's mental condition as it relates to the criteria of listing 12.04.  When assessing Nowell's residual functional capacity, the ALJ noted that despite her diagnoses, Nowell has done well when taking her medications and has worked successfully in the past without any mental impairments.  The ALJ did not give any weight to Dr. Johnson's diagnosis of bipolar disorder because he was a general practitioner.  Instead, the ALJ gave greater weight to the treating psychiatrist who diagnosed Nowell with mood and personality disorders.  Thus, contrary to Nowell's assertion, the ALJ did not reject the opinion of her treating psychiatrist.  Rather, the ALJ fully considered Nowell's mental condition.  There is substantial evidence supporting the ALJ's conclusion that Nowell's mental condition did not prevent her from performing unskilled, sedentary work.

The determination of a claimant's limitations ultimately resides with the commissioner. Nowell's arguments go more to the relative weighing of the medical evidence as it relates to her residual functional capacity.  The ALJ considered the medical evidence as it related to her physical and mental limitations.  There is substantial evidence supporting the finding of no disability, and Nowell has not demonstrated that the ALJ made any error of law.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Nowell's [10] Motion for Judgment on the Pleadings be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, any party who objects to this Recommendation must, within fourteen (14) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. A party filing objections must identify specifically those findings, conclusions, and recommendations to which objection are being made; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court.  A party who fails to file written objections to the proposed findings, conclusions, and Recommendation within fourteen (14) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415,

1428–29 (5th Cir. 1996).

    SO ORDERED, this the 31st day of January, 2011.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
