IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MARY JULENE NOWELL** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:10cv27-LG-RHW |
| | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED
FINDINGS OF FACT AND RECOMMENDATION**

**BEFORE THE COURT** are the Proposed Findings of Fact and Recommendation entered by United States Magistrate Judge Robert H. Walker [19]. Judge Walker recommends that Mary Julene Nowell's Motion for Judgment on the Pleadings [10] be denied. Nowell has objected to the Proposed Findings, and the Commissioner has filed a response to her objections. After a de novo review of the administrative record, the pleadings submitted by the parties, and the applicable law, the Court adopts the Proposed Findings of Fact and Recommendation and denies Nowell's Motion for Judgment on the Pleadings.

FACTS AND PROCEDURAL HISTORY

Mary Julene Nowell filed an application for disability insurance benefits pursuant to the Social Security Act on July 17, 2006. She was forty-one years old when she filed her application. She formerly worked in a school cafeteria, but she alleges that she became disabled on May 24, 2006, due to degenerative disc disease and lower back pain that required two surgeries. Also, in February of 2008, she began seeking psychiatric treatment and was eventually diagnosed with a mood disorder and attention deficit hyperactivity disorder.

Nowell's claim for disability benefits was denied on August 31, 2006, and upon reconsideration on September 27, 2006. A hearing was held concerning her claims on December 10, 2008. Nowell testified that she spends her days watching television, visiting with her sister, and taking care of her four-year-old grandson. Following the hearing, the Administrative Law Judge (ALJ) determined that she had not been under a disability, as defined in the Social Security Act from May 20, 2006, through February 5, 2009, which was the date of his decision. The Appeals Council declined her request for review of the ALJ's decision, and Nowell sought judicial review of the Commissioner's decision to deny her benefits. She then filed a Motion for Judgment on the Pleadings.

On January 31, 2011, Judge Walker recommended that Nowell's Motion for Judgment on the Pleadings be denied, because there is substantial evidence supporting the finding of no disability and Nowell has not demonstrated that the ALJ made any error of law. Nowell objected to Judge Walker's recommendation, arguing that the ALJ overlooked medical evidence of Nowell's mental impairments in his assessment of residual functional capacity and in his hypothetical questions to the vocational expert at the December 2008 hearing. She also asserts that there is substantial evidence that her history of back pain satisfies the duration requirement. Specifically, she claims that the twelve-month duration requirement may have already been satisfied at the time of the September 27, 2006, reconsideration of her application. Finally, she argues that the ALJ failed to give proper weight to the opinions of her treating physicians.

#### DISCUSSION

The standard of review for social security disability cases is limited to a determination of "(1) whether the Commissioner applied the proper legal standard[,] and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A court reviewing the Commissioner's decision is not permitted to "re-weigh the evidence but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The court is not permitted to substitute its judgment for that of the Commissioner. *Villa*, 895 F.2d at 1022.

The Social Security Act permits persons with a physical or mental disability who have contributed to the program to receive disability insurance benefits. 42 U.S.C. § 423. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The Act further provides:

> An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §423(d)(2)(A).

When evaluating a disability claim, the ALJ conducts a five-step sequential evaluation process. 20 C.F.R. § 404.1520, 416.920. At the first step, the ALJ considers whether the claimant is currently working and whether that work constitutes substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ considers whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ determines whether the impairment meets or equals an impairment listed in appendix one of the social security regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the ALJ examines whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Finally, the ALJ considers whether the impairment prevents the claimant from doing any other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(v).

If the ALJ finds that the claimant is either disabled or not disabled at any step, the inquiry ends and the ALJ makes his or her determination at that time. 20 C.F.R. § 404.1520(a)(4). Before the ALJ moves to the fourth step, the claimant's residual functional capacity, which is defined as "the most [the claimant] can still do despite [her] limitations," is assessed, and the residual functional capacity is considered when evaluating steps four and five. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 404.1545(a)(1). The ALJ is required to consider all of the claimant's medically determinable

impairments, including those that are not determined to be "severe."  20 C.F.R. § 404.1545(a)(2).

In the present case, the ALJ found at step one of the analysis that Nowell had not engaged in substantial gainful activity since May 24, 2006, the alleged onset date. The ALJ then determined that Nowell had the following severe impairments: early degenerative disc disease, mood disorder, and attention deficit disorder.  At the third step, he determined that Nowell did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments listed in appendix one.  The ALJ found that Nowell has the residual functional capacity to perform sedentary work.  He further found that her residual functional capacity is reduced by the following non-exertional limitations – (1) she can only occasionally climb, balance, stoop, crouch, crawl, and kneel; and (2) she can perform simple repetitive tasks.  At step four, the ALJ determined that Nowell is unable to perform any past relevant work, but at step five, he determined that there are other jobs in the national economy that she is capable of performing.

Nowell first argues that the ALJ overlooked medical evidence of her mental impairments when assessing her residual functional capacity.  However, as Judge Walker correctly noted in his Proposed Findings, the ALJ did consider Nowell's mental condition while assessing her residual functional capacity, but he determined that she does well when she takes her medications and that she has worked successfully in the past without any limitations due to mental impairments.  Therefore, Nowell's argument that the ALJ ignored or overlooked her mental condition is without merit.

-5-

Moreover, to the extent that Nowell argues that her mental conditions should have been given more weight while determining her residual functional capacity, this Court is not permitted to re-weigh the evidence or to substitute its judgment for that of the ALJ.

Nowell also argues that there is substantial evidence that she has satisfied the duration requirement, and she claims that the state agency physicians who made the initial and reconsideration determinations of her application erred when they stated that she would not remain disabled for the twelve month period following the dates of their evaluations. Nowell claims that the duration requirement may have already been satisfied by the time of the reconsideration assessment on September 27, 2006, because her treating physician had opined that she was totally disabled from spinal surgery over twelve months prior to the reconsideration.

However, Nowell's interpretation of the August and September determinations is incorrect. The physicians stated that Nowell should be able to resume employment "within twelve months from the onset of [her] condition." (Admin. Rec. at 45, 55). Nowell has alleged throughout these proceedings that the date of onset of her condition is May 26, 2006, which was only three months prior to the August determination and only four months prior to the September reconsideration. Furthermore, her arguments that her treating physician's opinion supports a holding that she has satisfied the duration requirement is also without merit. On September 14, 2006, her neurosurgeon opined that Nowell's impairments would not last at least twelve months; rather he stated that her impairments should last six months post-surgery. (*Id*. at 172-74). The

surgery was performed on May 26, 2006, the alleged date of onset. As a result, Nowell's arguments that there is substantial evidence that she has satisfied the duration requirement are without merit.

Finally, Nowell argues that the ALJ did not give proper weight to the opinions of her treating physicians. However, as explained previously, her neurosurgeon opined that impairments would not last at least twelve months. Furthermore, Dr. Kurt Johnson, Nowell's family physician, opined that she could perform sedentary work. The ALJ found that Nowell's disability did not meet the twelve-month duration requirement and that she could perform sedentary work, with certain limitations. Thus, the opinions of Nowell's treating physicians actually support the ALJ's determinations.

As a result, the Court finds that Judge Walker correctly determined that there is substantial evidence to support the ALJ's determinations. Not only do the treating physicians' opinions support his determinations, but Nowell's testimony that she takes care of her active four-year-old grandson also supports this determination.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [19] entered by United States Magistrate Judge Robert H. Walker on January 31, 2011, is **ADOPTED** as the holding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Mary Julene Nowell's Motion for Judgment on the Pleadings [10] is **DENIED**. The final decision of the Commissioner of Social Security denying Nowell's claim for Social Security disability benefits is **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE